Lewis E. Hudnell, III (CASBN 218736)
lewis@hudnelllaw.com
Nicolas S. Gikkas (CASBN 189452)
nick@hudnelllaw.com
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
Telephone: 650.564.3698
Facsimile: 347.772.3034

Attorneys for Plaintiff
VOIP-PAL.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS INC., et. al. <br><br> Defendants. | Case No. 3:22-CV-04279-JD <br><br> **PLAINTIFF VOIP-PAL.COM, INC.'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Honorable James Donato <br><br> Date: April 13, 2023 <br> Time: 10:00 a.m. PT <br> Courtroom 11, 19th Floor |
| VOIP-PAL.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 3:22-CV-05419-JD |

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................1

II.   LEGAL STANDARD .........................................................................................1

III.  ARGUMENT ......................................................................................................3

    A.    Defendants Fail To Establish Claim 1 As Representative.................................3

    B.    VoIP-Pal Is Not Collaterally Estopped From Challenging Ineligibility. ........6

    C.    Claim 1 Is Not Directed To An Abstract Idea. ................................................8

        1.    The allegedly functional terms in Claim 1 do not render it abstract. ....................8

        2.    Claim 1 is not analogous to preexisting call routing practices. ............................10

        3.    Claim 1 does not use known technology to perform routine functions...............11

    D.    Claim 1 Recites An Inventive Concept. ........................................................12

        1.    The individual claim elements recite an inventive concept..................................12

        2.    The ordered combination provides an inventive concept.....................................13

    E.    The Court Should Grant VoIP-Pal Leave To Amend. ....................................14

IV.   CONCLUSION .................................................................................................15

**TABLE OF AUTHORITIES**

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,

   882 F.3d 1121 (Fed. Cir. 2018) ....................................................................2, 3, 16, 17

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,

   134 S. Ct. 2347 (2014) ......................................................................................2, 3, 14

*Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*,

   915 F.3d 743 (Fed. Cir. 2019) ...................................................................................14

*Avocent Huntsville, LLC v. ZPE Sys.*,

   Case No. 3:17-cv-04319-WHO, 2018 U.S. Dist. LEXIS 47655 (N.D. Cal. Mar. 21, 2018) ................10

*Berkheimer v. HP Inc.*,

   881 F.3d 1360 (Fed. Cir. 2018) ..................................................................................2

*BroadSoft, Inc. v. CallWave Communs., LLC*,

   282 F. Supp. 3d 771 (D. Del. 2017) ...........................................................................14

*Card Verification Solutions, LLC v. Citigroup Inc.*,

   13 C 6339, 2014 U.S. Dist. LEXIS 137577 (N.D. Ill. Sept. 29, 2014) ...................................3

*Cellspin Soft, Inc. v. Fitbit, Inc.*,

   927 F.3d 1306 (Fed. Cir. 2019) .........................................................................2, 3, 15

*Chavez v. United States*,

   683 F.3d 1102 (9th Cir. 2012) ...................................................................................12

*CLS Bank Int'l v. Alice Corp. Pty*,

   717 F.3d 1269 (Fed. Cir. 2013) ..................................................................................3

*Coop. Entm't, Inc. v. Kollective Tech., Inc.*,

   50 F.4th 127 (Fed. Cir. 2022) .................................................................................................2

*DealerTrack, Inc. v. Huber*,

   674 F.3d 1315 (Fed. Cir. 2012) .............................................................................................3

*e.Digital Corp. v. Futurewei Tech., Inc.*,

   772 F.3d 723 (Fed. Cir. 2014) ...............................................................................................9

*Eminence Capital, LLC v. Aspeon, Inc.*,

   316 F.3d 1048 (9th Cir. 2003) .............................................................................................17

*Enfish, LLC v. Microsoft Corp.*,

   822 F.3d 1327 (Fed. Cir. 2016) ...........................................................................................14

*Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*,

   132 F.3d 526 (9th Cir. 1997) .................................................................................................2

*Finjan, Inc. v. Blue Coat Sys.*,

   879 F.3d 1299 (Fed. Cir. 2018) .....................................................................................10, 11

*Geinosky v. City of Chi.*,

   675 F.3d 743 (7th Cir. 2012) ...............................................................................................18

*Grecia Estate Holdings LLC v. Meta Platforms, Inc.*,

   605 F. Supp. 3d 905 (W.D. Tex. 2022) ..............................................................................7, 9

*Herrera v. Zumiez, Inc.*,

   953 F.3d 1063 (9th Cir. 2020) ...............................................................................................2

*Koninklijke KPN N.V. v. Gemalto M2M GmbH*,

   942 F.3d 1143 (Fed. Cir. 2019) .....................................................................................10, 11

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
  132 S. Ct. 1289 (2012) ....................................................................................................3

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
  837 F.3d 1299 (Fed. Cir. 2016) .......................................................................13, 14, 15

*Microsoft Corp. v. i4i Ltd. Partnership*,
  131 S. Ct. 2238 (2011) ....................................................................................................4

*Nat. Alts. Int'l, Inc. v. Creative Compounds, LLC*,
  918 F.3d 1338 (Fed. Cir. 2019) .......................................................................................2

*Nice Ltd. v. CallMiner, Inc.*,
  No. 18-2024-RGA-SRF, 2020 U.S. Dist. LEXIS 20516 (D. Del. Feb. 3, 2020) .............7

*Ohio Willow Wood Co. v. Alps S., LLC*,
  735 F.3d 1333 (Fed. Cir. 2013) .......................................................................................7

*Ortho Pharm. Corp. v. Smith*,
  959 F.2d 936 (Fed. Cir. 1992) .........................................................................................4

*PPS Data, LLC v. Jack Henry & Assocs.*,
  404 F. Supp. 3d 1021 (E.D. Tex. 2019) .......................................................................4, 7

*Pragmatus Telecom, LLC v. Genesys Telecomms. Labs., Inc.*,
  114 F. Supp. 3d 192 (D. Del. 2015) .................................................................................4

*Prompt Med. Sys., L.P. v. Allscripts Healthcare Solutions, Inc.*,
  6:10-cv-71, 2012 U.S. Dist. LEXIS 30694 (E.D. Tex. Feb. 13, 2012) ...........................10

*Research Corp. Techs. v. Microsoft Corp.*,
  627 F.3d 859 (Fed. Cir. 2010) .........................................................................................3

*Smiledirectclub v. Candid Care Co.*,

No. 6:20-CV-01115-ADA, 2021 U.S. Dist. LEXIS 154206 (W.D. Tex. July 1, 2021)........................9

*Stormborn Techs., LLC v. Topcon Positioning Sys.*,

    444 F. Supp. 3d 1119 (N.D. Cal. 2020)........................................................................10

*Townsend v. Univ. of Alaska*,

    543 F.3d 478 (9th Cir. 2008)........................................................................................17

*Ultramercial, Inc. v. Hulu, LLC*,

    772 F.3d 709 (Fed. Cir. 2014)........................................................................................3

*Univ. of Fla. Research Found., Inc. v. GE Co.*,

    916 F.3d 1363 (Fed. Cir. 2019)......................................................................................4

*Vineyard Investigations v. E. & J. Gallo Winery*,

    510 F. Supp. 3d 926 (E.D. Cal. 2020)............................................................................5

*Visual Memory LLC v. NVIDIA Corp.*,

    867 F.3d 1253 (Fed. Cir. 2017)....................................................................................17

*VoIP-Pal.com, Inc. v. Apple Inc.*,

    411 F. Supp. 3d 926 (N.D. Cal. 2019)...................................................................passim

*VoIP-Pal.com, Inc. v. Apple, Inc.*,

    375 F. Supp. 3d 1110 (N.D. Cal. 2019)........................................................................12

## **Statutes**

35 U.S.C. §101 ................................................................................................................1

35 U.S.C. §282 ................................................................................................................4

**TABLE OF ABBREVIATIONS**

| **ABBREVIATION** | **TERM** |
|---|---|
| VoIP-Pal | Plaintiff VoIP-Pal.com, Inc. |
| Meta | Defendants Meta Platforms Inc. and WhatsApp, Inc. |
| Google | Defendant Google LLC |
| Defendants | Meta and Google |
| The '606 patent or the patent-in-suit | U.S. Patent No. 10,218,006 |
| The asserted claims | Claims 1, 3–6, 8, 9, 11, 14, 15, 18–24, 26, 27, 29, 32, 42, and 44 of the '606 patent |
| The '002 patent | U.S. Patent No. 9,826,002 |
| FAC | First Amended Complaint |
| POSITA | Person of ordinary skill in the art |
| NDCAL | Northern District of California |
| PTO | United States Patent and Trademark Office |
| PSTN | Public Switched Telephone Network |

## I.  INTRODUCTION

The Court should deny Defendants' motion for judgment on the pleadings because collateral estoppel does not apply and because Defendants have not shown that the asserted claims of the '606 patent are ineligible in view of VoIP-Pal's plausible factual allegations.  Defendants' collateral estoppel argument rests entirely on Claim 1, which Defendants fail to show is representative of all asserted claims.  Defendants also do not address the differences between all 23 asserted claims and claim 1 of the adjudicated '002 patent to determine if those differences materially alter the eligibility inquiry.

Defendants' ineligibility argument fails because they have not met their burden to prove by clear and convincing evidence that the asserted claims are ineligible under 35 U.S.C. §101.  Defendants limit their ineligibility position to Claim 1.  Claim 1 is not directed to an abstract idea of routing communications based on the participant's characteristics.  Consequently, Defendants erroneously analogize Claim 1 to allegedly long-standing call-routing practices that are fundamentally different than the claimed invention.  Claim 1 is patent eligible because it recites the inventive concepts of user-specific communication handling and transparent routing.  Defendants ignore express intrinsic evidence that shows the claimed inventive concept was not well-known, routine, or conventional and that precludes dismissal at the Rule 12 stage.

Largely, Defendants' Motion attempts to piggyback off prior decisions in this District invalidating the asserted claims of six other VoIP-Pal patents under §101.  Those decisions, however, are irrelevant because they concern materially different claims in different VoIP-Pal patents asserted against different defendants.  Thus, these prior decisions have little bearing on any issue that this Court needs to decide.  Based on the merits in this case, Defendants' Motion should be denied.

## II.  LEGAL STANDARD

A Rule 12(c) motion requires the Court to take as true the plausible and nonconclusory factual allegations in the complaint, and draw all reasonable inferences from those allegations in the plaintiff's

favor.[1]  Patent eligibility is a question of law that may involve underlying questions of fact.[2]  Plausible factual allegations may preclude dismissal under §101 where, for example, nothing in the record refutes those allegations as a matter of law or justifies dismissal under Rule 12. [3]  "While a fact-finder may ultimately determine that [a claim] limitation was well-understood, routine, and conventional, absent a clear statement to that effect in the specification, complaint, or other material properly before the court, when disputed such a determination may not be made on a motion for judgment on the pleadings."[4] "Judgment may only be granted when the pleadings show that it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[5]

The Supreme Court has "set forth a framework for distinguishing patents that claim … abstract ideas from those that claim patent-eligible applications of those concepts."[6]  First, the Court must "determine whether the claims at issue are directed to" an abstract idea.[7]  "If not, the claims pass muster under §101."[8]  Courts, however, must "tread carefully in construing this exclusionary principle less it swallow all of patent law."[9]  Thus, "for abstractness to invalidate a claim it must 'exhibit itself so manifestly as to override the broad statutory categories of eligible subject matter and the statutory context that directs primary attention on the patentability criteria of the rest of the Patent Act.'"[10] Second, if the first step is answered "yes," then the Court must "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements

---

[1] See Herrera v. Zumiez, Inc., 953 F.3d 1063, 1068 (9th Cir. 2020).
[2] See Berkheimer v. HP Inc., 881 F.3d 1360, 1365 (Fed. Cir. 2018).
[3] See Coop. Entm't, Inc. v. Kollective Tech., Inc., 50 F.4th 127, 130 (Fed. Cir. 2022); Aatrix Software, Inc. v. Green Shades Software, Inc., 882 F.3d 1121, 1125 (Fed. Cir. 2018); see also Cellspin Soft, Inc. v. Fitbit, Inc., 927 F.3d 1306, 1320 (Fed. Cir. 2019).
[4] See Nat. Alts. Int'l, Inc. v. Creative Compounds, LLC, 918 F.3d 1338, 1347 (Fed. Cir. 2019).
[5] See Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd., 132 F.3d 526, 529 (9th Cir. 1997) (citations and internal quotation marks omitted).
[6] See Alice Corp. Pty. Ltd. v. CLS Bank Int'l, 134 S. Ct. 2347, 2355 (2014).
[7] Id.
[8] See Ultramercial, Inc. v. Hulu, LLC, 772 F.3d 709, 714 (Fed. Cir. 2014).
[9] See Alice, 134 S. Ct. at 2354.
[10] See DealerTrack, Inc. v. Huber, 674 F.3d 1315, 1333 (Fed. Cir. 2012) (quoting Research Corp. Techs. v. Microsoft Corp., 627 F.3d 859, 868 (Fed. Cir. 2010)).

'transform the nature of the claim' into a patent-eligible application."[11]   This step essentially asks whether the claims add an "inventive concept" "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself."[12]   Determining whether claims recite an inventive concept, or something more than well-understood, routine, or conventional activities, may turn on underlying questions of fact.[13]

Issued patents are presumed valid, placing a heavy burden on the party challenging eligibility.[14] The Federal Circuit has held that ineligibility is an invalidity defense under 35 U.S.C. §282.[15]   Thus, Defendants bear the burden to prove ineligibility by clear and convincing evidence.[16]

### III. ARGUMENT
#### A.  Defendants Fail To Establish Claim 1 As Representative.

In their attempt to establish collateral estoppel, Defendants focus exclusively on Claim 1. Defendants, however, must first establish that Claim 1 is representative of the asserted claims.  It is not; nor is Defendants' representative claim analysis sound.

35 U.S.C. §282 provides that "[e]ach claim of a patent … shall be presumed valid independently of the validity of other claim … even though dependent upon an invalid claim."  Thus, patent eligibility must be evaluated for each individual claim.[17]   Even assuming that it is proper to evaluate the eligibility of individual claims based on allegedly representative claims, Defendants bear the initial burden to

---

[11] *See Alice*, 134 S. Ct. at 2355 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1297 (2012)).

[12] *See Alice*, 134 S. Ct. at 2355 (quoting *Mayo*, 132 S. Ct. at 1297) (modification marks omitted).

[13] *See Cellspin*, 927 F.3d at 1315 (citing *Aatrix*, 882 F.3d at 1128).

[14] *See CLS Bank Int'l v. Alice Corp. Pty*, 717 F.3d 1269, 1284 (Fed. Cir. 2013) (Lourie, J., concurring, joined by Dyk, Prost, Reyna, Wallach, JJ.); *id.* at 1304-05 (Rader, J., concurring-in-part and dissenting-in-part, joined by Linn, Moore, O'Malley, JJ.); *Card Verification Solutions, LLC v. Citigroup Inc.*, 13 C 6339, 2014 U.S. Dist. LEXIS 137577, at *6 (N.D. Ill. Sept. 29, 2014).

[15] *See Univ. of Fla. Research Found., Inc. v. GE Co.*, 916 F.3d 1363, 1365 (Fed. Cir. 2019) ("§282's defenses include a §101 eligibility challenge … .").

[16] *See Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238, 2242 (2011) (holding that invalidity defenses under §282 must be proved by clear and convincing evidence).

[17] *See Ortho Pharm. Corp. v. Smith*, 959 F.2d 936, 942 (Fed. Cir. 1992) ("grounds of invalidity must be analyzed on a claim-by-claim basis") (citations omitted).

establish the representative claims.[18]   Indeed, "[e]rroneously determining that a claim is representative has constitutional consequences."[19]   The Court should not let Defendants oversimplify the claims for their own expediency at the expense of VoIP-Pal's constitutional rights.[20]

As Defendants admit, claims 3, 6, 22, and 42 relate to determining whether a communication should be allowed to proceed or whether it should be blocked and that claims 4, 5, and 22 relate to whether a communication should be forwarded.[21]   But Defendants make no effort to show that these features are not meaningfully different from Claim 1.  Defendants merely allege that these features are "routine aspects of routing a communication."[22]   This assertion can hardly overcome the allegations in the FAC that communication blocking is a distinctive feature of the '606 patent.[23]   Even *VoIP-Pal II* treated communication blocking as a distinct concept in its representative claims analysis.[24]   Claim 11 also concerns a concept—locating a new second participant identifier in a database—that *VoIP-Pal II* treated as distinct.[25]   Defendants fail to explain otherwise.

Defendants also misapply *VoIP-Pal II* in arguing that routing a communication to a third participant is not distinctive.[26]   *VoIP-Pal II* found this concept not distinctive of the representative claims because in the claims at issue it was "accomplished using the same process for routing a communication to the second participant."[27]   But in claims 14, 15, and 26, routing to the third participant is accomplished through a gateway, which is different from the routing to the second participant in Claim 1.[28]   Thus, claims 14, 15, and 26 are meaningfully different than Claim 1.

---

[18] *See PPS Data, LLC v. Jack Henry & Assocs.*, 404 F. Supp. 3d 1021, 1030 (E.D. Tex. 2019); *Pragmatus Telecom, LLC v. Genesys Telecomms. Labs., Inc.*, 114 F. Supp. 3d 192, 200 (D. Del. 2015).
[19] *See Vineyard Investigations v. E. & J. Gallo Winery*, 510 F. Supp. 3d 926, 944 n.7 (E.D. Cal. 2020) (citations omitted).
[20] *Id.*
[21] Dkt. No. 130 at 13.  All Dkt. Nos. refer to Case No. 3:22-cv-4279-JD unless otherwise indicated.
[22] *Id.*
[23] Dkt. No. 28 at ¶28.
[24] *See VoIP-Pal.com, Inc. v. Apple Inc.*, 411 F. Supp. 3d 926, 942 (N.D. Cal. 2019) ("*VoIP-Pal II*").
[25] *Id.*
[26] Dkt. No. 130 at 13.
[27] *See VoIP-Pal II*, 411 F. Supp. 3d at 948.
[28] Dkt. No. 28-1 at 39:22-38, 42:9-14.

4

Similarly, Defendants acknowledge that claims 8, 15, and 44 recite a participant device in communication with a PSTN but fail to explain why these claims are not meaningfully different than Claim 1.[29]  Defendants also fail to appreciate that claim 8 requires that the claimed packet switched communication system form a private network, which is a limitation found in no other claim.[30]

Claim 1 also is not representative of claims 9, 27, and 32.  Claims 9, 27, and 32 are not even representative of each other.  Claim 9 concerns determining whether the first and second participant are associated with the same location whereas claims 27 and 32 concern determining which node or network element the second participant is associated with based on a geographical location associated with the second participant identifier.[31]  Defendants argue that "[a]dding the 'location' participant characteristic to Claim 1's 'identifier' participant characteristic is an immaterial and conventional variation" but claims 9, 27, and 32 have nothing to do with *adding* a location participant characteristic.

Finally, Defendants fail to analyze claims 19, 20, and 24, instead merely asserting that the claims do not describe how load sharing is accomplished.[32]  But even if these claims do not describe how load sharing is accomplished, which they do, the *how* inquiry relates to whether the claims are patent eligible, not whether Claim 1 is representative of these claims.  Claim 1 does not address the problem that existing VoIP systems had in providing high availability and resiliency over a geographically dispersed area, which claims 19, 20, and 24 overcome.[33]  Similarly, Defendants' assertion that these load-sharing claims match the activities of historical switchboard operators also relates to eligibility and not representativeness.[34]  Moreover, Defendants falsely assert that the FAC details how switchboard operators performed load sharing—the FAC contains no such allegations.

---

[29] Dkt. No. 130 at 13.
[30] Dkt. No. 28-1 at 38:54-57.
[31] *Compare id.* at 38:63-67 *with* 42:14-21 and 42:64-67.
[32] Dkt. No. 130 at 14.
[33] Dkt. No. 28-1 at 1:53-59.
[34] Dkt. No. 130 at 14.

In sum, because Defendants have not shown that Claim 1 is representative of all asserted claims, the Court should limit its eligibility analysis to Claim 1—the only claim Defendants actually analyzed—lest it deprives VoIP-Pal of its property rights without due process.[35]

### B.  VoIP-Pal Is Not Collaterally Estopped From Challenging Ineligibility.

VoIP-Pal's suit is not barred by collateral estoppel because the eligibility issues in this case are different than those resolved in VoIP-Pal's prior cases.  Defendants argue that Claim 1 is substantially the same as claim 1 of the '002 patent.  But whether these claims are substantially the same, and they are not, is not the appropriate standard.  Instead, Defendants must prove that the differences between these claims do not materially alter the question of eligibility.[36]  The Court, however, should not make such a determination until it develops a full understanding of the claimed subject matter.[37]  "Developing the requisite proficiency is a far-fetched (if not unattainable) goal when a court has not construed the patent's claims or opened discovery," as is the case in these cases.[38]  Indeed, the parties have numerous claim construction disputes that this Court needs to resolve.[39]

Tellingly, Defendants never attempt to meaningfully characterize the alleged similarity between Claim 1 and claim 1 of the '002 patent.  Instead, Defendants superficially compare the steps of these claims.[40]  But in reality, substantial portions of Claim 1 do not overlap with the previously asserted claims, including several critical claim elements that contribute to a distinct inventive concept.[41]

Considering the actual claim language, it is apparent that the '606 patent claims are distinct from the previously asserted claims.  The '606 patent claims involve, *inter alia*, determining whether the called party was associated with the same node or network element as the calling party (*e.g.*, same cluster, server, etc.).  In contrast, the previously asserted claims involved applying criteria for classifying

---

[35] *See Nice Ltd. v. CallMiner, Inc.*, No. 18-2024-RGA-SRF, 2020 U.S. Dist. LEXIS 20516, at *13 (D. Del. Feb. 3, 2020), report and recommendation adopted by 2020 U.S. Dist. LEXIS 5477 (D. Del. Mar. 30, 2020); *PPS Data*, 404 F. Supp. 3d at 1031-33.

[36] *See Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013).

[37] *See Grecia Estate Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 912 (W.D. Tex. 2022).

[38] *Id.*

[39] Dkt. No. 89; *see also* Declaration of Dr. Vojin Oklobdzijia ("Oklobdizjia Decl.") at ¶¶20-25.

[40] Dkt. No. 130 at 4-5; *but see* Oklobdizjia Decl. at ¶¶20-29.

PLAINTIFF VOIP-PAL.COM, INC.'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS Case Nos.: 3:22-CV-4279-JD; 3:22-CV-5419-JD

destinations as between a private network (or system network) and a public network (or external network beyond control of the system). These determinations are distinct. Even *VoIP-Pal II* found claim 1 of the '002 patent representative of claims for classifying and then routing a communication between participants.[42] Thus, the '606 patent claims features that were absent in the previous cases.

Specifically, as compared to Claim 1, claim 1 of the '002 patent does not recite: (1) "the first and second participant devices being associated with first and second network elements of the communication system;" (2) "processing the new second participant identifier, using the at least one processor, to determine whether the second network element is the same as the first network element;" (3) "when the second network element is determined to be the same as the first network element, producing a routing message identifying a first network address associated with the first network element;" and (4) "when the second network element is determined not to be the same as the first network element, producing a routing message identifying a second network address associated with the second network element." Even if these differences do not prove Claim 1's validity, they raise substantially different validity issues.[43] Because Defendants cannot show that claim 1 of the '002 patent is representative of Claim 1, Claim 1 requires an independent eligibility evaluation.

Contrary to what Defendants claim, the alleged overlap in the intrinsic evidence also proves nothing. A patent is not materially the same merely because it is closely related.[44] A court must still independently determine that the eligibility issues are identical in each claim related to an invalidated claim before applying collateral estoppel.[45] Additionally, VoIP-Pal's allegations regarding the technology in its FACs in these cases are not the same as in the complaints in its prior cases. In these

---

[41] *Id.*; *see also* Ex. 1. All exhibits are attached to the supporting declaration of Lewis E. Hudnell, III.
[42] *See VoIP-Pal II*, 411 F. Supp. 3d at 941-42.
[43] *See Grecia Estate Holdings*, 605 F. Supp. 3d at 912.
[44] *See Smiledirectclub v. Candid Care Co.*, No. 6:20-CV-01115-ADA, 2021 U.S. Dist. LEXIS 154206, at *6 (W.D. Tex. July 1, 2021) (citing *e.Digital Corp. v. Futurewei Tech., Inc.*, 772 F.3d 723, 727 (Fed. Cir. 2014)).
[45] *Id.*

cases, VoIP-Pal's allegations are supported by the Declarations of Drs. William Henry Mangione-Smith and Vojin Oklobdzija, which demonstrate how the asserted claims are patent eligible.[46]

Finally, Defendants do not discuss how the differences between any of the other asserted claims besides Claim 1 and claim 1 of the '002 patent do not materially alter the eligibility inquiry.  As noted above, the asserted claims recite at least seven distinct concepts.  Because Defendants have failed to show that Claim 1 is representative of all of these distinct concepts, they fail to establish that collateral estoppel based on the invalidity of claim 1 of the '002 patent applies to any of the other asserted claims. Thus, Defendants' collateral estoppel arguments must fail.

### C.  Claim 1 Is Not Directed To An Abstract Idea.
#### 1.  The allegedly functional terms in Claim 1 do not render it abstract.

The allegedly broad and functional nature of Claim 1 does not show that it is directed to an abstract idea.  Defendants observe, unremarkably, that Claim 1 recites allegedly basic call-routing functions, such as "receiving," "identifying," "processing," and "producing."[47]  But Claim 1 relates to voice over IP calling; thus reciting calling functions proves nothing.[48]  Defendants' argument that Claim 1 does not disclose how to achieve any of these functions also is not the proper inquiry.[49]  The eligibility inquiry concerns whether the claim recites a sufficiently specific structure or act for achieving the desired result, not how each individual claim limitation is implemented.[50]  The Federal Circuit has recognized that it is improper to find claims ineligible based on *how* questions that are either irrelevant or too granular to pertain to the patentee's asserted improvements.[51]  Even courts in this district have recognized that a claim is not ineligible merely because it lacks specific implementation details.[52]

---

[46] Dkt. No. 28-3; *see also* Oklobdizjia Decl. at ¶¶19-44.
[47] Dkt. No. 129 at 6.
[48] Dkt. No. 1-1 at 1:23-24; *see also* Oklobdizjia Decl. at ¶¶30-37.
[49] Dkt. No. 129 at 6.
[50] *See Koninklijke KPN N.V. v. Gemalto M2M GmbH*, 942 F.3d 1143, 1151 (Fed. Cir. 2019); *Finjan, Inc. v. Blue Coat Sys.*, 879 F.3d 1299, 1305 (Fed. Cir. 2018).
[51] *See KPN*, 942 F.3d at 1148, 1151, 1153.
[52] *See Stormborn Techs., LLC v. Topcon Positioning Sys.*, 444 F. Supp. 3d 1119, 1125 n.3 (N.D. Cal. 2020) ("Whether or not these steps are specific enough to detail how to implement the claimed invention is better suited for a challenge under section 112."); *Avocent Huntsville, LLC v. ZPE Sys.*, Case No. 3:17-cv-04319-WHO, 2018 U.S. Dist. LEXIS 47655, at *20 (N.D. Cal. Mar. 21, 2018); *see also Prompt*

PLAINTIFF VOIP-PAL.COM, INC.'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS Case Nos.: 3:22-CV-4279-JD; 3:22-CV-5419-JD

The Federal Circuit articulated the proper *how* inquiry in *Koninklijke KPN N.V. v. Gemalto M2M GmbH*, which it decided after *VoIP-Pal II*. It found that the appealed claims were not abstract because they sufficiently captured a claimed improvement "by reciting how the solution specifically improves the function of prior art error detection systems."[53] The Federal Circuit reversed in part because the district court fixated on implementation details that the claims did not need to recite to enable the asserted improvement.[54] Similarly, Defendants raise an assortment of how questions regarding implementation details irrelevant to the eligibility inquiry—e.g., routing a communication by searching for participant attributes, producing a new second participant identifier, and producing a routing message.[55] Rather, the proper inquiry is whether the claim sufficiently recites how to achieve a specific improvement over prior art call routing systems, which it does—by using system configuration information including user profile information to route a communication to a destination.[56]

Although Defendants claim that Claim 1 only requires the functional results of "receiving," "processing," and "identifying,"[57] Claim 1 is no more result-oriented than the representative claim considered in *Finjan, Inc. v. Blue Coat Systems*, which the Federal Circuit found nonabstract. The *Finjan* claim read "generating by the inspector a first Downloadable security profile that identifies suspicious code in the received Downloadable."[58] This claim did not explain how the security profile is generated or implemented. Yet, the Federal Circuit still found that the claim was not abstract because it recited a specific step that linked the security profile containing information about potentially hostile operations produced by a behavior-based virus scan.[59] Similarly, Claim 1 recites specific steps—using

---

*Med. Sys., L.P. v. Allscripts Healthcare Solutions, Inc.*, 6:10-cv-71, 2012 U.S. Dist. LEXIS 30694, at *21-22 (E.D. Tex. Feb. 13, 2012).
[53] *See KPN*, 942 F.3d at 1151.
[54] *Id.*
[55] Dkt. No. 130 at 7; *see also* Oklobdizjia Decl. at ¶¶30-37.
[56] *See* Dkt. No. 28-3 at ¶25; *see also* Oklobdizjia Decl. at ¶44.
[57] Dkt. No. 130 at 7.
[58] *See Finjan*, 879 F.3d at 1303.
[59] *Id.* at 1303, 1305.

user-specific attributes of a profile to route a communication between two nodes of the same packet switched communication system—and is not abstract.

### 2. Claim 1 is not analogous to preexisting call routing practices.

Defendants' argument that Claim 1 is analogous to preexisting call routing practices is woefully deficient. Not only do Defendants not specify what call routing concepts are allegedly analogous to Claim 1, but Defendants deliberately recharacterize VoIP-Pal's allegations.

The '606 patent says nothing about historical call-routing practices and the FAC says next to nothing. Only paragraph 15 contains a cursory description of what early switchboard operators did.[60] The other paragraphs that Defendants cite—paragraphs 16-18 and 21—merely describe a history of call routing, not long-standing, well-known, call-routing practices.[61] Indeed, Defendants do not cite any evidence that operators had a long-standing practice of using a caller's phone number to route calls.[62]

Defendants' reliance on *VoIP-Pal II* to argue that Claim 1 recites long-standing call-routing practices is misplaced.[63] First, *VoIP-Pal II* lacked record evidence, much less clear and convincing evidence as to how historical operators routed calls. Indeed, the court in a related decision declined to take judicial notice of a YouTube video about historical operators because there was "a reasonable dispute concerning the substance of the evidence."[64] Second, the court went far beyond the minimal assertions of the complaint—facilely speculating about hypothetical operators' activity to conclude it was "no different" than the claimed steps while ignoring numerous claim elements.[65] Third, the district court assumed operators used multiple switchboards by "plugging the cord into the appropriate socket on the appropriate switchboard," including both "private" and "public" switchboards without any supporting evidence.[66] Fourth, *VoIP-Pal II's* operator analogy ignored many claim elements.[67] For

---

[60] Dkt. No. 28 at ¶15.
[61] *Id.* at ¶¶16-18, 21.
[62] *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("A court generally cannot consider material outside of the complaint.").
[63] Dkt. No. 130 at 8; *see also* Oklobdizjia Decl. at ¶¶38-44.
[64] *See VoIP-Pal.com, Inc. v. Apple, Inc.*, 375 F. Supp. 3d 1110, 1134 n.6 (N.D. Cal. 2019).
[65] *See VoIP-Pal II*, 411 F. Supp. 3d at 957.
[66] *Id.*

PLAINTIFF VOIP-PAL, INC.'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS Case Nos.: 3:22-CV-4279-JD; 3:22-CV-5419-JD

example, the court asserted that operators used caller attributes for routing calls, such as maximum number of concurrent calls, going far beyond what the complaint alleged.[68]  Further, the court provided no analogy for a user profile to explain the origin of such attributes, and also lacked evidence of operators using profile attributes to route calls.

Finally, Defendants argue that Claim 1 allegedly automates the tasks performed manually by switchboard operators but fail to explain how specifically operators performed the limitations of Claim 1.[69]  Thus, Defendants' theory falls flat.

### 3.  Claim 1 does not use known technology to perform routine functions.

Defendants' claim that Claim 1 does not focus on a specific method that improves the relevant technology is incorrect.  Claim 1 does not merely automate manual processes using generic computers. Rather, Claim 1 is patent eligible for the same reasons that the Federal Circuit articulated in *McRO*.  In *McRO*, the Court found that "[t]he specific, claimed features … allow for the improvement realized by the invention."[70]   Similarly, Claim 1 recites specific limitations that improved existing call routing systems.[71]   As in *McRO*, Defendants cite no evidence that the manual processes of switchboard operators are the same as the process required by the claims.[72]   Indeed, Claim 1 is fundamentally different from switchboard operators, who did not and could not route a call based on characteristics specific to the user.  Such specific limitations allow for user-specific communication handling and transparent routing, not the use of the computer as a tool, to improve existing technological processes.[73]

Even if Claim 1 involves automation, which it does not, it is not *ipso facto* ineligible.[74]  Also, the use of generic computing components does not doom the claim.[75]   Further, Defendants erroneously

---

[67] *Id.* at 957-58.
[68] *Id.* at 957.
[69] Dkt. No. 130 at 8; *see also* Oklobdizjia Decl. at ¶¶38-44.
[70] *See McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016).
[71] *See supra* n.56; *see also* Oklobdizjia Decl. at ¶¶27-29, 43-44.
[72] *Id.* at 1314.
[73] *See McRO*, 837 F.3d at 1314; *see also* Oklobdizjia Decl. at ¶¶25-29.
[74] *Id.* at 1314-16.
[75] *See Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1338 (Fed. Cir. 2016).

suggest that eligibility is limited to a "technical improvement."[76]  Improving an existing technological process also can satisfy *Alice* step one.[77]  Claim 1 recites specific improvements that overcame the limitations of prior art systems that only supported the dialing conventions of a local service area.[78]

Finally, Claim 1 is distinguishable from the claims invalidated in *BroadSoft, Inc. v. CallWave Communs., LLC.*  Not only do the *Broadsoft* claims have nothing to do with call routing, but the court found that the claims addressed a human unavailability problem, not a telephony problem.[79]  Claim 1, however, is rooted in computer technology for operating communication networks and overcomes technical limitations of prior art call routing systems.[80]

In sum, Defendants fail to show that Claim 1 is abstract by clear and convincing evidence.

**D.  Claim 1 Recites An Inventive Concept.**
   **1.  The individual claim elements recite an inventive concept.**

Even assuming that Claim 1 is directed to an abstract idea, which VoIP-Pal disputes, Claim 1 is still patent eligible because it recites the inventive concepts of user-specific communications handling and transparent routing, specifically the concept of using system configuration settings to transparently route communications between a plurality of geographically dispersed subscribers that rely for services on respective network elements of a distributed system.[81]  Defendants grossly distort the record arguing that Claim 1 discloses "generic computer equipment, couched in functional language, to apply the same ideas and practices used in telephony for decades."[82]  The cited portion of the specification does not refer to a "general system" implemented via "conventional internet services";[83] it merely states that the

---

[76] Dkt. No. 130 at 9.
[77] *See Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 915 F.3d 743, 750 (Fed. Cir. 2019) ("To determine whether a claim is directed to an ineligible concept, we have frequently considered whether the claimed advance improves upon a technological process … ."); *McRO*, 837 F.3d at 1314; *Enfish*, 822 F.3d at 1335 (citing *Alice*, 134 S. Ct. at 2358-59).
[78] Dkt. No. 28 at ¶¶27-32; Dkt. No. 28-1 at ¶21; *see also* Oklobdizjia Decl. at ¶26.
[79] *See BroadSoft, Inc. v. CallWave Communs., LLC*, 282 F. Supp. 3d 771, 781 (D. Del. 2017).
[80] Dkt. No. 28 at ¶31.
[81] Dkt. No. 28-3 at ¶¶9-25; *see also* Oklobdizjia Decl. at ¶¶25-29, 43-44.
[82] Dkt. No. 124 at 10.
[83] Dkt. No. 130 at 10.

inventive system nodes are "shown generally" and communicate via "conventional internet services."[84] Defendants' claim that the specification does not indicate that Claim 1 is directed to a particular technical advancement is immaterial.[85]  Not only do Defendants misstate the inventive concept inquiry, but as long as the claim recites the inventive concept, the specification need not expressly list all the reasons why that concept is unconventional.[86]

Moreover, Defendants' claim that there is "no suggestion" that the claimed components operate in an unconventional manner is demonstrably false.  The FAC contains plausible and detailed allegations showing the claimed system *does not* operate using conventional techniques for routing.[87]

### 2.  The ordered combination provides an inventive concept.

Claim 1 also does not merely retrieve data, process data, and make a determination based on that analysis in a conventional manner as Defendants claim.[88]  This perfunctory analysis can apply to any claim involving data and grossly oversimplifies Claim 1, which is improper.[89]

Rather, Claim 1 recites a specific set and order of steps to achieve user-specific communication handling and transparent routing.  Defendants' claim that VoIP-Pal alleges no facts supporting that these concepts are inventive is plainly false.  The FAC contains detailed plausible and unrefuted factual allegations showing that the asserted claims recite an inventive concept, which precludes dismissal at the Rule 12 stage.[90]  Contrary to what Defendants claim, *VoIP-Pal II* did not reject these inventive concepts. Rather, the court expressly "accepted as true [VoIP-Pal's] allegations that (1) user-specific handling, (2) transparent routing, (3) resiliency, and (4) communications blocking *are significant and unconventional improvements upon prior technology*."[91]  Accepting VoIP-Pal's factual allegations that these improvements constitute unconventional improvements should have ended the step-two inquiry in VoIP-

---

[84] Dkt. No. 28-1 at 13:20-35.
[85] Dkt. No. 130 at 10.
[86] *See Cellspin*, 927 F.3d. at 1317.
[87] Dkt. No. 28 at ¶¶32, 33, 35, 30; *see also* Dkt. No. 28-3 at ¶¶18-25.
[88] Dkt. No. 130 at 11.
[89] *See McRO*, 837 F.3d at 1313.
[90] Dkt. No. 28 at ¶¶32-38; *see Aatrix*, 882 F.3d at 1125.
[91] *See VoIP-Pal II*, 411 F. Supp. 3d at 974.

Pal's favor.[92]   While VoIP-Pal maintains that *VoIP-Pal II* erroneously determined that the challenged claims failed *Alice* step two, this Court's inquiry is different because the claims-at-issue are different and because the allegations showing that the claims recite an inventive concept are different.

Significantly, the FAC incorporates the Declaration of Dr. Mangione-Smith, which, contrary to what Defendants claim, *expressly* analyzes 17 different claims of the '606 patent and concludes that the claims recite both user-specific processing and transparent routing and that these inventive concepts were not well understood, routine, or conventional.[93]   User-specific processing and transparent routing are performed differently in Claim 1 than in the claims in *VoIP-Pal II*.   Unlike the claims in *VoIP-Pal II*, Claim 1 expressly requires that the users be associated with a network element of the communication system.[94]   The declaration explains that by virtue of this association, the '606 claims achieve transparent routing using user-specific configuration information to route a communication without the caller indicating how to route the call—a specific improvement over the prior art:

> For example, *the recited method and system can identify a network element or a node associated with the callee from configuration information stored in the communication system, and the communication is automatically routed to that network element or node.* …   This routing is transparent to the caller, who does not have to indicate … how to route to the callee. … In contrast, in the conventional PSTN, when "area codes" changed, callers were inconvenienced by having to learn new phone numbers or styles of dialing.[95]

These facts show that Claim 1 does not recite an ineligible concept but rather an inventive concept that was not well-understood, routine, or conventional.   Thus, a Rule 12 dismissal is improper.[96]

### E.  The Court Should Grant VoIP-Pal Leave To Amend.

Even if the Court determines that the FAC does not allege a plausible claim, which it should not, then VoIP-Pal respectfully requests that the Court grant VoIP-Pal leave to file a Second Amended Complaint to plead additional allegations based on the proffered declaration of Dr. Oklobdzija.   His proffered testimony bears directly on eligibility because (1) it provides relevant facts regarding the well-

---

[92] *See Aatrix*, 882 F.3d at 1129.
[93] Dkt. No. 28-3 at ¶¶9-15.
[94] Dkt. No. 28-1 at 37:33-36; *see also id.* at 40:44-50 (user registered with communication system).
[95] Dkt. No. 28-3 at ¶23.
[96] *Id.* at 1318.

known call routing practices alleged in Defendants' Motion, (2) it addresses Defendants' *how* questions, which implicate §112, not §101, issues, and explains that a POSITA would know how to implement the invention,[97] and (3) it evidences that the claimed invention was not well-known, routine, or conventional, which, if accepted as true, precludes dismissal at the Rule 12 stage.[98]

Under Rule 15(a)(2), the Court should freely give leave when justice so requires.[99]  "This policy is to be applied with extreme liberality."[100]  Leave should not be denied because the FAC is allegedly similar to the FAC dismissed in *VoIP-Pal II*.[101]  That complaint concerned different claims and was not supported by an expert declaration.   In fact, *VoIP-Pal II* shunned VoIP-Pal's proffer of expert evidence.[102]  Further, VoIP-Pal has not previously sought leave to amend *in these cases*.  Denying such relief would be unjust and inconsistent with Ninth Circuit law.   Thus, leave should be granted. Alternatively, the Court should accept the proffered Oklobdzija declaration as evidence of facts that VoIP-Pal expects to prove and not for converting the Motion into one for summary judgment.[103]

## IV. CONCLUSION

In conclusion, Defendants have not met their burden to show that Claim 1 is representative of the 23 asserted claims nor has it proved that Claim 1 is ineligible by clear and convincing evidence.  As such, Defendants' Motion should be denied in its entirety.

---

[97] *See Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1261 (Fed. Cir. 2017).
[98] *See Aatrix*, 882 F.3d at 1125.
[99] *See Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008).
[100] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted).
[101] Dkt. No. 130 at 15.
[102] *See VoIP-Pal II*, 411 F. Supp. 3d at 974.
[103] *See Geinosky v. City of Chi.*, 675 F.3d 743, 746 n.1 (7th Cir. 2012).

Dated: March 17, 2023

Respectfully submitted,

/s/ Lewis E. Hudnell, III
Lewis E. Hudnell, III (CASBN 218736)
lewis@hudnelllaw.com
Nicolas S. Gikkas (CASBN 189452)
nick@hudnelllaw.com
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
T: 650.564.3698
F: 347.772.3034

Attorneys for Plaintiff
VOIP-PAL.COM, INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the forgoing DEFENDANT VOIP-PAL.COM, INC.'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(b)(1) this 17th day of March 2023.

By: */s/Lewis E. Hudnell, III*
        Lewis E. Hudnell, III
        Hudnell Law Group P.C.
        800 W. El Camino Real Suite 180
        Mountain View, California 94040
        T: 650.564.3698
        F: 347.772.3034
        lewis@hudnelllaw.com